June 22, 1908.

————o————

No. 4406.

(Court of Appeal, Parish of Orleans.)

## JARED A. HARRAL VS. JEREMIAH LYONS.

1. A plaintiff cannot, by calling his action one in boundary pure and simple, shut off prescription; the character of an action is to be determined by all the pleadings and by the nature of the relief which may be granted.

2. Where, after successive sales of two lots of ground, a building,

occupying in part one of the lots, has been allowed, without protest or complaint by successive owners, to slightly encroach on the other lot for more than thirty years, its destruction and removal will not be ordered under an alleged action in boundary.

Appeal from Civil District Court, Division E.

Benjamin Ory, for Plaintiff and Appellee.

J. Zach Spearing, for Defendant and Appellant.

DUFOUR, J. The plaintiff alleges that he is the owner of certain real estate hereinafter described; that the boundary line between the same and the property of defendant, his contiguous owner, has never been established, and that the latter, through error, in building a few years ago, encroached on plaintiff's property.

He prays for the appointment by the Court of a surveyor to fix the limits and for judgment ordering the removal of that portion of defendant's property which encroaches upon his line.

The defendant first alleged ownership and possession of the lot, and then plead the prescription of ten, twenty and thirty years.

He also urged a plea of estoppel on the grounds that the "building was erected more than thirty years ago on the ground on which it now stands by the then owner of the said building and of the said ground; that the said building as thus erected at that time has constantly and continuously stood upon the ground on which it was originally erected and on which it now stands; that the successive owners and occupants of the said building and the ground on which it stands as the respective owners thereof; that such occupancy has been constant, continuous, open and notorious, and that the side of said building has been always recognized as the dividing line between the lots."

From a judgment approving the survey made by order of Court and ordering the removal of the improvement encroaching upon the boundary line, this appeal has been taken.

The chain of title is as follows:

In 1865 Frances Johnson sold to Patrick Johnson the following property:

"A lot of ground in the square bounded by Rampart, Dryades, Calliope and Delord Streets, designated as Lot No. ONE on a plan drawn by Hedin, on March 10, 1855, deposited as Plan No. 276

in the office of Theodore Guyol, formerly a notary public in this city, said lot measuring, according thereto, Twenty-eight Feet and One Line front on Rampart Street, by One Hundred and Twenty-Seven Feet, Ten Inches and Five Lines in depth, between parallel lines."

In 1871 Cornwell sold to Patrick Johnson the following property:

A lot of ground situated in the same district and square as the property above described, and adjoining thereto, designated as Lot No. "TWO" on a plan drawn by C. Hedin, deposited in the office of J. R. Beard, late notary; said lot measuring, according thereto, Twenty-eight Feet, Two Inches and Three-Quarters front on Rampart street, by a depth of One Hundred and Twenty-seven Feet, Ten Inches and Five Lines, between parallel lines.

In 1885 the heirs of Patrick Johnson sold both properties at auction under the following advertisement:

"First—The frame, slated blacksmith shop, known as No. 325 South Rampart Street," etc., "on lot of ground (No. 2), measuring 28 feet, 2 3-4 inches front on South Rampart Street, by a depth of 127 feet, 10 inches and 5 lines.

"Second—The double tenement, two-story frame, slated house, adjoining above, known as Nos. 325 and 327 South Rampart Street," etc., "on a lot of ground (No. 1), measuring 28 feet, 1 line front on South Rampart Street, by a depth of 127 feet, 10 inches and 5 lines.

"The whole according to plans by Williams & Preston, surveyors, to be seen at the place of sale."

At that sale John Dooley purchased Lot No. 1, and William Newman Lot No. 2. In 1897 Newman sold to Harral and in 1898 Dooley sold to Lyons. All of the acts of sale follow the original description, and it appears that the parties to this litigation had no knowledge of any encroachment until Harral undertook to build in 1906, and that such encroachment was not finally ascertained until Surveyor Pilie, appointed by the Court in this case, had made his report.

It is positively shown that the defendant's building was there when Johnson bought; has stood there for more than thirty years, and that, when reconstructed in part nearly ten years ago, the new work was placed on the exact lines of the original structure.

The plaintiff cannot, by calling his action one in boundary

pure and simple, shut off prescription; the character of an action is to be determined by all the pleadings, and where, as in this case, the judgment effects ownership or a real right, the suit is in reality a petitory one.

So far as title by prescription is concerned, the record shows that the house has rested on plaintiff's lot for more than thirty years; that, in 1885, it was sold as *a house adjoining plaintiff's lot,* a descriptive physical monument, equivalent to metes and bounds, and that it has since been held in good faith. But, assuming that there is no title by prescription, the encroachment of Lyons' building on Harral's lot is a continuous apparent servitude acquired by a possession of ten years; it is not a *destination de pere de famille,* because it was not established by Johnson, the common author.

But, when his heirs sold, there was an apparent sign of servitude, and, the deed making no mention of any servitude, it continued to exist. R. C. C. 769.

We have carefully examined all the authorities cited, and our conclusion is that, whether the matter be received as one of ownership by title or prescription, or merely as a servitude, the plaintiff has no right to demand the removal of defendant's building.

It is our opinion that the Code does not intend that the rules applicable to fences and ditches in rural sections and to vacant property in towns should be applied with the same strictness to improved urban property.

The thought is repugnant that a structure which, without protest, has been allowed to slightly encroach on the adjoining lot for more than thirty years should be ruthlessly destroyed under cover of an action in boundary.

Judgment reversed and plaintiff's demand rejected at his cost in both courts.

June 22, 1908.

Rehearing refused June 30, 1908.

Writ refused by Supreme Court Sept. 22, 1908.